UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
    :
**KEVIN RAZZOLI**,   :
    :
                        Plaintiff,   :
    :  **ORDER**
          – against –   :
    :  23-CV-6697 (AMD) (LB)
    :
**RICHMOND UNIVERSITY MED. CENTER**,   :
**DR. DOUGLAS COHEN, DR. AMI RAVAL**,   :
**MED TRONICS DEVICES, UNKNOWN BOP**   
**STAFF, UNKNOWN MEDICAL STAFF BOP**,   :
    :
                        Defendants.   
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      On September 12, 2023, the *pro se* plaintiff Kevin Razzoli brought this action against the Richmond University Medical Center, Dr. Douglas Cohen, Dr. Ami Raval, Med Tronics Devices and unknown Bureau of Prisons ("BOP") staff members. (ECF No. 1.) His application to proceed *in forma pauperis* ("IFP") is granted. (ECF No. 8.) As explained below, the action is dismissed in part with prejudice and in part without prejudice.

### BACKGROUND

      The complaint, entitled "Federal Malpractice Suit," appears to allege medical malpractice or negligence claims, civil rights claims under 42 U.S.C. § 1983, civil RICO claims under 18 U.S.C. § 1961 et seq., and Privacy Act claims under 5 U.S.C. § 552a against the Richmond University Medical Center ("RUMC"), two individual doctors, a medical device company, and "Unknown BOP Staff." (ECF No. 1 at 1–2.)[1]  The plaintiff alleges that he is "disable[d]" due to [the] negligence [of the d]efendants," apparently resulting from surgeries the defendant received

---

[1] The pages of the complaint are not consecutively paginated. The Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

in February 2008 and September 2020. (*Id.* at 4.)[2] Specifically, the "'neuro surgeons' who conducted surgery at RUMC in September[] 2020 . . . failed to make note of items in the body of [the plaintiff]," and one or multiple of the defendants denied that "anything was left in [the plaintiff] by BOP from a [prior] surgery at Muncey Regional Medical Center" in February 2008. (*Id.*)

The complaint seeks $220 million in damages for the loss of the "right to have children," "[intentional] gross negligence," "falsification of documents that cause cover up . . . of acts of genocide," "loss of consortium [and] procreation of children," "pain [and] suffering," "endangering the life of a patient," and "denial of births to an Italian American/Roman Catholic." (*Id.* at 2.)

**LEGAL STANDARD**

Because the plaintiff is proceeding *pro se,* the Court construes his submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).  A district court may dismiss a *pro se* action *sua sponte*, that is, on its own, if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

---

[2] The plaintiff uses varying capitalization throughout the complaint.  The Court has modified the quotations from the complaint to employ standard capitalization.

A district court may also dismiss a *pro se* action *sua sponte* if the court does not have subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

### I. Medical Malpractice/Negligence Claims

The plaintiff refers to his complaint as a "federal malpractice suit" (ECF No. 1 at 1) and appears to allege that doctors at RUMC and BOP doctors at Muncey Regional Medical Center committed malpractice when they did not find foreign objects that he believes were left inside his body after two surgeries. (*Id.* at 4.) Reading the pleadings liberally, the Court interprets the complaint to assert a claim of medical malpractice or negligence. "In New York, '[a]n action to recover for personal injuries . . . against a medical practitioner or a medical facility or hospital may be based either on negligence principles or on the more particularized medical malpractice standard." *Kushner v. Schervier Nursing Care Ctr.*, No. 05-CV-5297, 2011 U.S. Dist. LEXIS 174391, at *9–10 (S.D.N.Y. Mar. 23, 2011) (quoting *Friedmann v. N.Y. Hosp.-Cornell Med. Ctr.*, 65 A.D.3d 850, 850–51 (1st Dep't 2009)). The distinction between these kinds of claims "is a subtle one, for medical malpractice is but a species of negligence and 'no rigid analytical

3

line separates the two.'" *Weiner v. Lenox Hill Hosp.*, 88 N.Y.2d 784, 787 (1996) (quoting *Scott v. Uljanov*, 74 N.Y.2d 673, 674 (1989)). "A claim sounds in medical malpractice when the challenged conduct 'constitutes medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician,'" *Sha v. Mem'l Sloan-Kettering Cancer Ctr.*, No. 99-CV-3233, 2000 U.S. Dist. LEXIS 17297, at *2 (S.D.N.Y. Nov. 29, 2000) (quoting *Weiner*, 88 N.Y.2d at 788), and sounds in negligence when "the provider failed 'to fulfill a different duty,'" *Gjini v. United States*, No. 16-CV-3707, 2019 U.S. Dist. LEXIS 20978, at *25 (S.D.N.Y. Feb. 8, 2019) (quoting *Dispenzieri v. Hillside Psychiatric Hosp.*, 283 A.D.2d 389, 389 (2d Dep't 2001)).

The Court need not decide whether the plaintiff is bringing medical malpractice or negligence claims because the plaintiff does not establish a basis for this Court's jurisdiction under either theory. Both claims "arise under state law, and a federal court generally will not have original jurisdiction over the claims unless complete diversity exists." *Joseph v. JRF Income Tax Bus. Servs.*, No. 21-CV-3869, 2021 U.S. Dist. LEXIS 150150, at *13 (E.D.N.Y. Aug. 10, 2021) (quoting *Urena v. Wolfson*, No. 09-CV-1107, 2010 U.S. Dist. LEXIS 128423, at *35 (E.D.N.Y. Dec. 6, 2010)). Here, the parties are not diverse; the plaintiff and the defendants RUMC, the individual doctors, and Med Tronics Devices are all citizens of New York. Therefore, diversity jurisdiction does not exist. *See* 28 U.S.C. § 1332(a)(1). Accordingly, these claims are dismissed for lack of subject matter jurisdiction.

The plaintiff's analogous claim against unidentified BOP officials must be dismissed because "it is clear on the face of the complaint that the statute of limitations has run." *Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014) (citation omitted). New York law gives a plaintiff two years and six months to bring a medical

malpractice claim and three years to bring a negligence claim. *Idiakheua v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 20-CV-4169, 2022 U.S. Dist. LEXIS 190205, at *50 (E.D.N.Y. Oct. 17, 2022) (citing N.Y. C.P.L.R. §§ 214(5), 214-a). The complaint appears to allege that the plaintiff had surgery in a BOP facility in February 2008. (ECF No. 1 at 4.) The plaintiff did not file the complaint until September 12, 2023 (*see id.* at 1); therefore, these claims are time-barred and must be dismissed.

## II. Civil Rights Claims

The plaintiff brings a claim, seemingly against all defendants, under 42 U.S.C. § 1983. To prevail on a Section 1983 claim, the plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not extend to "private conduct" caused by private individuals or organizations, "no matter how discriminatory or wrongful;" rather, the statute applies only to state actors, and to private actors performing conduct that is "fairly attributable to the state" or engaging in "public functions." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 51, 55 (1999) (citation omitted).

The plaintiff has not alleged that RUMC, the two individual doctors or Med Tronics Devices are state actors. Nor has the plaintiff alleged that the defendants' conduct "may be fairly treated as that of the State itself" or that these defendants "exercised powers that are 'traditionally the exclusive prerogative of the state.'" *Blum v. Yaretsky*, 457 U.S. 991, 1004–05 (1982) (citations omitted). *See, e.g.*, *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 112 (2d Cir. 2003) ("A finding of state action may not be premised solely on the private entity's creation,

funding, licensing, or regulation by the government."); *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) ("The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State."). Therefore, the plaintiff does not state Section 1983 claims against RUMC, the two individual doctors or Med Tronics Devices, and the claims must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(ii).

The plaintiff's Section 1983 claims against the unidentified BOP officials must also be dismissed because the statute does not extend to conduct by federal officials. *United States v. Acosta*, 502 F.3d 54, 60 (2d Cir. 2007). These claims are also barred by the applicable statute of limitations: a plaintiff bringing a Section 1983 claim in New York State federal court must do so within three years of the date "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (citations omitted). The plaintiff does not allege when he knew or had reason to know of the injury; at most, he alleges that BOP officials violated his constitutional rights in connection with a surgery that took place in 2008. Without more specific allegations, these claims are time-barred, and must be dismissed.

**III.   RICO Claims**

Section 1962(c) of the Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it unlawful to conduct "an enterprise's affairs through a pattern of racketeering activity" and provides a private right of action to any person injured "in business or property" due to such a violation." 18 U.S.C. §§ 1962(c), 1964(c). A plaintiff bringing a civil RICO action must plead

6

two or more predicate acts of "racketeering activity," which may be any of an enumerated list of "act[s] or threat[s]" as defined by the statute. *See id.* § 1961(1), (5).

The complaint cites the RICO statute (ECF No. 1 at 2), but does not allege any predicate acts that may constitute a "pattern of racketeering activity:" medical malpractice and negligence are not listed in the statute as predicate acts. *See* 18 U.S.C. § 1961(1). The complaint also cites 18 U.S.C. § 2340(1), a criminal statute that defines torture, but that statute does not have anything to do with "racketeering activity" (*id.*). Accordingly, the plaintiff does not state civil RICO claims against any defendant, and the claims must be dismissed.

To the extent that the plaintiff's RICO claims against the BOP officials involve the February 2008 surgery, dismissal is required for the additional reason that the statute of limitations has run. Civil RICO claims must be brought within four years of "when the plaintiff discovers or should have discovered the RICO injury." *421-A Tenants Ass'n v. 125 Court St. LLC*, 760 F. App'x 44, 48–49 (2d Cir. 2019) (quoting *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 58 (2d Cir. 1998)). As with the civil rights claims, the plaintiff does not allege when he knew or had reason to know of the injury; he alleges only that the surgery took place in 2008. Without more specific allegations, these claims are time-barred, and must be dismissed.

**IV.   Torture Claims**

18 U.S.C. § 2340A makes it a crime to "commit[] or attempt[] to commit torture," or to "conspire[] to commit" torture, "outside the United States," and gives federal courts jurisdiction "over [that] activity." 18 U.S.C. § 2340A(a)-(c). The specific statutory provision that the complaint cites, § 2340(1), defines torture as "an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering (other than pain or suffering incidental to lawful sanctions) upon another person within his custody or

7

physical control." (*See* ECF No. 1.) The statute does not provide a private right of action to enforce the law "in any civil proceeding," 18 U.S.C. §§ 2340, 2340B, so the Court must dismiss any such claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Sivokonev v. Cuomo*, 447 F. Supp. 3d 58, 63 (W.D.N.Y. 2020).

## V.     Privacy Act Claims

The plaintiff also cites the Privacy Act of 1974, 5 U.S.C. § 552a, which allows individuals to request access to federal agency records about themselves. *Devine v. United States*, 202 F.3d 547, 550 (2d Cir. 2000). (*See* ECF No. 1 at 1, 2.) The Privacy Act also allows an individual to bring a civil suit against a federal agency that "fails to comply" with the statute such that the individual suffers an adverse effect. *Devine*, 202 F.3d at 550–51 (quoting 5 U.S.C. § 552a(g)(1)(D)). The statute does not permit such claims against a private entity, *Pennyfeather v. Tessler*, 431 F.3d 54, 56 (2d Cir. 2005) (citation omitted), or against individual federal employees, *Mamarella v. Cnty. of Westchester*, 898 F. Supp. 236, 238 (S.D.N.Y. 1995) (noting that "the plain language of [the Privacy Act] provides that only 'agencies' are subject to the [statute]," not individuals). Therefore, the plaintiff's claims under 5 U.S.C. § 552a are dismissed against all defendants for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## VI.    Leave to Amend

Though the plaintiff has not requested leave to amend his complaint, the Court has considered whether he should be given an opportunity to do so. Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Pursuant to this liberal standard, I grant the plaintiff leave to amend his complaint as to the civil RICO claims.

The Court declines to grant the plaintiff leave to amend his complaint as to (i) the medical malpractice/negligence claims, (ii) the civil rights claims, (iii) the torture claims, and (iv) the Privacy Act claims because "amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016); *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017). As to the medical malpractice/negligence claims against RUMC, the individual doctors and Med Tronics Devices, "there is no basis to invoke this Court's subject-matter jurisdiction" because the parties are not diverse. *Gross v. Intratek Comput. Inc.*, No. 22-CV-7440, 2023 U.S. Dist. LEXIS 4356, at *7 (E.D.N.Y. Jan. 10, 2023) (denying leave to amend where parties are not diverse). As to the plaintiff's medical malpractice/negligence claim against the BOP officials, no new allegations can revive the claim because "dismissal is not based upon pleading deficiencies, but rather the applicable statute of limitations." *Apostolidis v. JPMorgan Chase & Co.*, No. 11-CV-5664, 2012 U.S. Dist. LEXIS 157733, at *23 (E.D.N.Y. Nov. 2, 2012). As to the civil rights, torture, and Privacy Act claims, amendment is futile because these claims are not available against the defendants.

**CONCLUSION**

For these reasons, the plaintiff's RICO claims are dismissed without prejudice. The plaintiff's remaining claims are dismissed with prejudice to filing in federal court; however, any potential state law claims are dismissed without prejudice to filing in state court.

In the amended complaint, the plaintiff must provide the date, location and a short, plain statement of the relevant facts supporting the claim against each defendant. "To establish a claim for a civil violation of section 1962(c)," i.e., "civil RICO," "a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Env. Servs. v. Recycle Green Servs.*, 7 F. Supp. 3d 260, 271 (E.D.N.Y. 2014) (quoting *Kalimantano GmbH v. Motion in Time, Inc.*, 939 F. Supp. 2d 392, 404 (S.D.N.Y. 2013)). If the plaintiff's RICO claim is "predicated on acts of fraud," it must satisfy the "heightened pleading requirement set forth in Rule 9(b)" of the Federal Rules of Civil Procedure. *Id.* at 271–72. Rule 9(b) requires the plaintiff to plead "with particularity;" specifically, the complaint must "(1) specify the statements, oral or written, that the plaintiff contends were fraudulent, either as misrepresentations or containing fraudulent omissions; (2) identify the speaker or the writer; (3) state where, when and to whom the statements were made; and (4) explain why the statements were fraudulent." *Id.* at 271 (quoting *SEC v. Lee*, 720 F. Supp. 2d 305, 338 (S.D.N.Y. 2010)). The plaintiff is also cautioned that he must allege facts that are personal to him. If applicable, the plaintiff must provide facts to show why his claims are not time-barred or provide reasons for his failure to timely file the claim(s).

If the plaintiff decides to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this order: 23-CV-6697 (AMD) (LB). The plaintiff is advised that the amended complaint completely replaces the original complaint. That

is, the amended complaint must stand on its own without reference to the original complaint.  All further proceedings shall be stayed for 30 days.  If the plaintiff fails to file an amended complaint within the time allowed or fails to show good cause for an extension to file the amended complaint, the Clerk of Court shall be directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith.  Therefore, *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff along with a general complaint form and to note the mailing on the docket.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                _____
                                                ANN M. DONNELLY
                                                United States District Judge

Dated:  Brooklyn, New York
          October 25, 2023