UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
**KEVIN RAZZOLI**,                                           :
                                                             :
                              Plaintiff,                     :
                                                             :  **ORDER**
                – against –                                  :
                                                             :  23-CV-6697 (AMD) (LB)
                                                             :
**RICHMOND UNIVERSITY MED. CENTER**,                         :
**DR. DOUGLAS COHEN, DR. AMI RAVAL**,                        :
**MED TRONICS DEVICES, UNKNOWN BOP**                         :
**STAFF, UNKNOWN MEDICAL STAFF BOP**,                        :
**MUNCEY REGIONAL MEDICAL CENTER**,                          :
**UNKNOWN BOP US DOJ CONTRACTORS**,                          :
and **UNKNOWN BOP PHYSICIANS /**                             :
**PHYSICIAN ASST(S).**,                                      :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On September 12, 2023, the *pro se* plaintiff Kevin Razzoli brought this action against the Richmond University Medical Center ("RUMC"), Dr. Douglas Cohen, Dr. Ami Raval, Med Tronics Devices and unknown Bureau of Prisons ("BOP") staff members. (ECF No. 1.) On October 25, 2023, the Court granted his application to proceed *in forma pauperis* and dismissed most of his claims with prejudice but gave him leave to amend his claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 9.) The plaintiff filed an amended complaint on February 14, 2024, adding as defendants Federal Bureau Prisons Medical Dept. USP/FCC Allenwood, Unknown BOP Physicians/Physician Assistant, and Unknown BOP/US DOJ Contractors. (ECF No. 15.)[1] On February 27, 2024, the plaintiff filed an affidavit

---

[1] The plaintiff also filed a "notice" explaining why his amended complaint should be considered timely. (ECF No. 14.) Since the Court *sua sponte* granted the plaintiff an extension of time to file (*see* ECF Order dated Feb. 12, 2024), the amended complaint is timely.

alleging facts in support of his claims. (ECF No. 16.) As explained below, the action is dismissed with prejudice.

## BACKGROUND

In his original complaint, the plaintiff alleged that the RUMC, individual doctors, a medical device manufacturer and unknown BOP staff committed medical malpractice and violated his civil rights in connection with surgeries he received in 2008 at Muncey Regional Medical Center and in 2020 at RUMC. (ECF No. 1 at 1–4.)[2] The Court dismissed with prejudice the plaintiff's claims arising under negligence or medical malpractice for lack of subject-matter jurisdiction (ECF No. 9 at 4) as well as his analogous claims against BOP officials, which were untimely (*id.* at 4–5). The Court also dismissed with prejudice the plaintiff's Section 1983 claims against the federal officials, who are not liable under Section 1983, and against the private defendants, because the plaintiff did not allege that they were acting under color of state law. (*Id.* at 5–6.) Finally, the Court dismissed with prejudice the plaintiff's torture claim under 18 U.S.C. § 2340A because the statute does not provide a private right of action (ECF No. 9 at 7–8) as well as his Privacy Act claim, because 5 U.S.C. § 552a applies only to agencies, not individuals (*id.* at 8).

The Court dismissed without prejudice the plaintiff's RICO claims because he did not allege any predicate events to constitute a "pattern of racketeering activity," and granted him leave to amend his complaint. (ECF No. 9 at 6–7 (quoting 18 U.S.C. § 1961(1)).)

In the amended complaint, the plaintiff brings the same Section 1983 and Privacy Act claims he brought in the original complaint. (ECF No. 15 at 2–4, 7.) He does not assert any

---

[2] The pages of the complaint are not consecutively paginated. The Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

2

RICO claims, but does assert new claims under the Federal Tort Claims Act ("FTCA").  (*Id.* at 6 (citing 28 U.S.C. §§ 1346, 2401, 2671, 2680).)  The amended complaint alleges that RUMC medical staff performed surgery on him "that was defecient [sic] [and] caused major distress [and] life threatening, which required [further] corrective surgery;" "[s]uch [s]urgeons COVERED UP for Muncey Regional Med. Center . . . who conducted [a] surgical procedure not [authorized] by [the plaintiff] that caused him not to have kids ie (Roving Bug/Project M) while at USP Allenwood/FCC Alle[n]wood . . . with knowledge of FCC Allenwood Medical Staff who also covered up such past acts."  (*Id.* at 7.)  He also refers to a "FOIA COVER UP" and the "US DOJ PROJECT M/COINTEL PRO Programs," but does not provide any detail.  (*Id.* at 6.)  The plaintiff has attached to the amended complaint his medical records (*id.* at 10–48) and an email to the U.S. Marshals, Bureau of Prisons, the U.S. Parole Commission, and three individual attorneys requesting an update on his FOIA request (*id.* at 9).

The plaintiff elaborates on the amended complaint's allegations in his affidavit.  (ECF No. 16.)  In February 2008, while he was incarcerated at FCC Allenwood, the plaintiff had surgery at the Muncey Regional Medical Center; the surgeons illegally "implant[ed]" a "ROVING BUG" into plaintiff's "anal or throat areas" that made the plaintiff "sterile" and unable to have children.  (*Id.* ¶ 2).  The RUMC staff, which said that they could not find the implanted device, also performed surgery on the plaintiff in September 2020 (*id.* ¶¶ 3–4); the surgery "almost paralyzed" him," and caused him to require a cane or walker and to take Oxycodone daily (*id.* ¶ 4).  Dr. Cohen, one of the doctors at RUMC, "issued a 'NO WORK' order due to [the] surgery."  (*Id.* ¶ 5.)  The plaintiff asserts that the surgeries "restrict[] [b]us[]iness [and] [l]oss of [w]ages [and] [l]oss of [c]onsortium with [f]emales" (*id.* ¶ 4), and that they caused him, an "ITALIAN AMERICAN ROMAN CATHOLIC," "not to [be able to] have

3

[k]ids and ALMOST SUFFER LOSS OF LIFE" (*id.* ¶ 8). Finally, he states that FCC Allenwood and the Muncey Regional Medical Center "intentionally destroyed" or "[f]alsified" the plaintiff's medical files through the "Project M/Cointel Pro Programs." (*Id.* ¶¶ 7–8).

The plaintiff seeks $20 million in punitive damages, $50 million for "loss of the right to have children," $15 million for pain and suffering, and $50 million for "mental anguish due to almost loss of life." (ECF No. 15 at 7–8.)

## LEGAL STANDARD

Because the plaintiff is proceeding *pro se,* the Court construes his submissions liberally and interprets them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)). A district court may dismiss a *pro se* action *sua sponte* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

A district court may also dismiss a *pro se* action *sua sponte* if the court does not have subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal subject matter jurisdiction is

4

available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

The Court declines to reconsider its decision to dismiss with prejudice the plaintiff's Section 1983 and Privacy Act claims. Dismissal of those claims with prejudice was proper because, as explained in the October 25, 2023 order (ECF No. 9 at 9), amendment would be futile. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016); *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017).

The Court gave the defendant leave to file an amended complaint on his RICO claim, but the amended complaint does not state a plausible RICO claim. Instead, the amended complaint includes new claims under the FTCA. The FTCA waives sovereign immunity and permits some suits for damages against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The only proper defendant under the FTCA is the United States, not any federal agency or officer. *Bantis v. Gov't United States*, No. 23-CV-2492, 2023 U.S. Dist. LEXIS 102235, at *4 (S.D.N.Y. June 12, 2023) (quoting *Holliday v. Augustine*, No. 14-CV-855, 2015 U.S. Dist. LEXIS 2391, at * (D. Conn. Jan. 9, 2015)); *see also* 28 U.S.C. § 2679(a).

Before a federal court can entertain an FTCA claim, the plaintiff must comply with the FTCA's procedural requirements.  First, a claimant must exhaust his administrative remedies by "filing a claim for damages with the appropriate federal government entity and must receive a final written determination."  *Bantis*, 2023 U.S. Dist. LEXIS 102235, at *4 (citing 28 U.S.C. § 2675(a)).  The administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual.  28 U.S.C. §§ 2401(b), 2675(a).  A claimant may then challenge the federal government's final denial in a federal district court by filing an action within six months of the denial.  *Id.* § 2401(b).  If no written final determination is made by the appropriate federal entity within six months after the claimant filed the administrative claim, the claimant may then bring an FTCA action in federal district court.  *Id.* § 2675(a).  Though the exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015).

The amended complaint does not name the United States as a defendant.  Nor does it allege facts demonstrating that the plaintiff filed an administrative claim for damages under the FTCA with a federal government entity and received a final written determination before bringing this action, or that the government did not respond to his administrative claim within six months.  Even if the plaintiff had complied with the FTCA's procedural requirements, the amended complaint does not state a claim for damages arising from the tortious conduct of the federal government.  The only allegations against the federal defendants are that medical staff at the Muncey Regional Medical Center "conducted [a] surgical procedure not [authorized] by [the plaintiff] that caused him not to have kids ie[ ] Roving Bug/Project M[] while at USP

6

Allenwood," and "covered up . . . past acts."  (ECF No. 15 at 7; *see also* ECF No. 16 ¶¶ 2, 7–8.) Even read liberally, these allegations—suggesting some sort of conspiracy to implant a "bug" into the plaintiff that prevented him from having children—are vague, fanciful, and "largely irrational, or wholly incredible."  *Bantis*, 2023 U.S. Dist. LEXIS 102235, at *6.  The Court therefore dismisses the amended complaint as frivolous because it lacks a basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

      District courts generally grant a *pro se* plaintiff at least one opportunity to amend a complaint to cure its defects "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991), but leave to amend is not required where it would be futile, *see Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a court may dismiss a complaint without prejudice where "the substance of the claim[s] pleaded is frivolous on its face").  The plaintiff's FTCA claim is frivolous and must be dismissed with prejudice.  *See, e.g.*, *Barnes v. Cnty. of Nassau*, No. 23-CV-777, 2023 U.S. Dist. LEXIS 100893, at *13 (E.D.N.Y. June 9, 2023) (citing 28 U.S.C. §§ 1915(e)(2)(B)(i)).

## CONCLUSION

For these reasons, the amended complaint is dismissed with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to close the case.

**SO ORDERED.**

                                                                    s/Ann M. Donnelly
                                                                    ANN M. DONNELLY
                                                                    United States District Judge

Dated:  Brooklyn, New York
          February 28, 2024