UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                :
**KEVIN RAZZOLI**,                                              :
                                                                :
                      Plaintiff,    :
                                                                : **ORDER**
        – against –                                  :
                                                                : 23-CV-6697 (AMD) (LB)
**RICHMOND UNIVERSITY MED. CENTER**,                            :
**DR. DOUGLAS COHEN, DR. AMI RAVAL**,                           :
**MED TRONICS DEVICES, UNKNOWN BOP**                            :
**STAFF, UNKNOWN MEDICAL STAFF BOP**,                           :
**MUNCEY REGIONAL MEDICAL CENTER**,                             :
**UNKNOWN BOP US DOJ CONTRACTORS**,                             :
and **UNKNOWN BOP PHYSICIANS /**                                :
**PHYSICIAN ASST(S).**,                                         :
                                                                :
                      Defendants.   :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court are the *pro se* plaintiff's motions for reconsideration of (i) the Court's October 25, 2023 Order dismissing the original complaint, in part with prejudice and in part without prejudice, and denying leave to appeal *in forma pauperis* and (ii) the December 4, 2023 and February 12, 2024 docket orders extending the plaintiff's deadline to amend the original complaint. (*See* ECF Nos. 19, 20.) The plaintiff also moves for leave to amend his original complaint. (ECF No. 19 at 4–5.) For the following reason, the motions are denied.

## BACKGROUND

      On September 12, 2023, the plaintiff brought this action against the Richmond University Medical Center ("RUMC"), Dr. Douglas Cohen, Dr. Ami Raval, Med Tronics Devices and unknown Bureau of Prisons ("BOP") staff members. (ECF No. 1.) On October 25, 2023, the Court granted his application to proceed *in forma pauperis* and dismissed most of his claims with prejudice but gave him leave to amend his claim under the Racketeer Influenced and Corrupt

Organizations Act. (ECF No. 9.) The plaintiff filed an amended complaint on February 14, 2024, adding as defendants Federal Bureau Prisons Medical Dept. USP/FCC Allenwood, Unknown BOP Physicians/Physician Assistant, and Unknown BOP/US DOJ Contractors. (ECF Nos. 14–15.) On February 28, 2024, the Court issued an Order dismissing the amended complaint with prejudice and denying leave to appeal *in forma pauperis*. (ECF No. 17.)

In two motions signed on February 24, 2024, the plaintiff moved for reconsideration of the October 25, 2023 Order, as well as the December 4, 2023 and February 12, 2023 orders extending the plaintiff's deadline to file an amended complaint. (ECF No. 19 at 1; ECF No. 20 at 1.) The motions were filed on the docket on February 28, 2024 and March 1, 2024. In both motions, the plaintiff argues that the Court's orders "[c]onflict[] with" various provisions of the United States Constitution and 5 U.S.C. § 552a, as well as *U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993), and *Kadic v. Karazdic*, 70 F.3d 232 (2d Cir. 1995), which hold that "[a] Country's Leader can be { sued } for Crimes Violating UN TREATY LAWS & Articles." (ECF No. 19 at 1–3; ECF No. 20 at 1–3.)[1] The February 28, 2024 submission also includes a motion for leave to amend the complaint. (ECF No. 19 at 4–5.)

On March 7, 2024, the plaintiff filed a notice of appeal (ECF No. 21) of the Clerk of Court's judgment on the February 28, 2024 Order (ECF No. 18).

## DISCUSSION

As an initial matter, the Court has jurisdiction to consider the plaintiff's motions for reconsideration and to amend. In both motions, the plaintiff asks the Court to reconsider its October 25, 2023 order dismissing the original complaint. The plaintiff appealed the Clerk's February 29, 2024 judgment, which entered the Court's February 28, 2024 order dismissing the

---

[1] The plaintiff's two motions for reconsideration are identical.

amended complaint. The plaintiff does not appeal the Court's ruling on the original complaint; therefore, the Court is not "divest[ed] . . . of control" over it. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *See also United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) ("The divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). Moreover, "[w]hile the filing of a notice of appeal ordinarily divests this Court of jurisdiction, a notice of appeal filed before the disposition of a motion to amend or alter the judgment under Rule 59(e)" or after a timely Rule 60(b) motion for reconsideration "is not effective until the motion has been decided." *Tor v. Duncan*, No. 01-CV-3984, 2004 U.S. Dist. LEXIS 25970, at *2 n.2 (S.D.N.Y. July 21, 2004) (citing Fed. R. App. P. 4(b)(i); *Lowrance v. Achtyl*, 20 F.3d 529, 533 (2d Cir. 1994)); *Pitterson v. United States*, No. 22-CV-6456, 2023 U.S. Dist. LEXIS 214120, at *2 n.1 (S.D.N.Y. Nov. 30, 2023) (citing *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020)). This Court therefore has jurisdiction over the plaintiff's motions.

The plaintiff's motions for leave to amend the complaint and to reconsider the Court's docket orders extending the deadline to amend are denied as moot because the plaintiff already filed an amended complaint pursuant to the October 25, 2023 order. (ECF Nos. 14–15; *see also* ECF No. 16 (plaintiff's affidavit in support of the amended complaint).)

The plaintiff's motion for reconsideration of the October 25, 2023 order is also moot. By filing an amended complaint, the plaintiff replaced the original complaint in its entirety. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect." (quoting *In re*

3

*Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).  As a result, the plaintiff's motion to reconsider the Court's decision to dismiss certain claims with prejudice and other claims without prejudice—but that were already repleaded—is moot.  *See Meserole v. Sony Corp. of Am.*, No. 08-CV-8987, 2009 U.S. Dist. LEXIS 58763, at *3 (S.D.N.Y. July 9, 2009) (denying the plaintiffs' reconsideration motion as moot because "two complaints [would be] pending in the same action" if the court granted the plaintiffs' motion to reconsider its denial of the original complaint after the filing of an amended complaint); *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 351 (S.D.N.Y. 2003) ("Even if the motion were to be granted, [the plaintiff] has already filed a new complaint, such that the prior complaint could not in any case be reinstated.").  Accordingly, the motion is denied as moot.

Because there is no basis for reconsideration, the Court finds that an appeal would not be taken in good faith.  *See, e.g.*, *McCarthy v. Martinelli*, No. 22-CV-7359, 2023 U.S. Dist. LEXIS 22452, at *4 (E.D.N.Y. Feb. 9, 2023) (citing *Robinson v. City of Buffalo*, No. 16-CV-432, 2017 U.S. Dist. LEXIS 177862, at *4–5 (W.D.N.Y. Oct. 25, 2017), *report and recommended adopted*, 2017 U.S. Dist. LEXIS 187983 (W.D.N.Y. Nov. 14, 2017)).

## CONCLUSION

For these reasons, the plaintiff's motions for reconsideration and to amend the complaint are denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the plaintiff and to close the case.

**SO ORDERED.**

                                                          s/Ann M. Donnelly
                                                  _____
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated:  Brooklyn, New York
          April 3, 2024